ORDER DENYING RESPONDENTS REQUEST FOR JURY TRIAL

WILSON D. BROTT, Chief Judge.
This is a dependent child proceeding brought under the Children’s Code (10 GTBC § 101 et seq.), also commonly referred to as an Indian Child Welfare proceeding. The Respondent-mother K.D. has requested a trial by jury as to the adjudication hearing scheduled for Wednesday, February 11, 2009, at 8:30 a.m. in this matter. Whether the Respondent is entitled to a trial by jury as to the adjudication phase of a proceeding under the Children’s Code appears to be an issue of first impression for this Court. Because of the short time frame in which this matter is to be heard, the Court is dispensing with oral arguments on the motion.
The Respondent admits that there is no specific mention of a right to jury trial in the Constitution of the Grand Traverse Band of Ottawa and Chippewa Indians nor in the Tribal Code, but argues that there is a right to a jury trial as to adjudication in a child welfare case as a matter of due process. Respondent also cites 9 GTBC § 201 and 14 GTBC § 601 to support the argument that Michigan law should be applied to this situation, as Michigan law provides for a jury trial at the adjudication phase of a child abuse and neglect proceeding, citing MCL 712A.17(2)[1] and MCR 3.911.
The Tribe has adopted 9 GTBC § 201, contained in the Criminal Offenses portion of the Tribal Code, which states:
§ 201—Adoption of State Laws and Ordinances
(a) The Grand Traverse Band adopts the laws, codes, ordinances, and other instruments of the law of the State of Michigan to the extent these instruments, laws, codes, and ordinances do not conflict with appropriate federal law or Tribal codes, ordinances, and laws in force now or enacted in the future.
(b) The intent behind this section is similar to Congress’s intent behind the As-similative Crimes Act, 18 U.S.C. § 13, which makes state law applicable to conduct occurring on lands reserved or acquired by the Federal Government when the act or omission is not made punishable by an enactment of Congress. Similarly, prosecutions instituted under this section are not to enforce the laws of the State of Michigan, but to enforce Tribal law, the details of which, instead of being recited, are adopted by reference from the State of Michigan and are essentially to proride gap fillers where the current GTB Code is silent.
Clearly, the intent behind 9 GTBC § 201 was to provide a gap-filler as to criminal law and provide the Tribal Prosecutor with the ability to prosecute under State of Michigan law for offenses which are not otherwise covered by Tribal law or con *166 tained in the code. There is no provision in this section which requires the Tribal Court to follow the State of Michigan’s criminal procedure in such cases, nor is there any indication that this provision should apply to proceedings under the Children’s Code, which are quasi-civil, not criminal, in nature.
14 GTBC § 601, which is contained in the Public Safety and Regulation portion of the Tribal Code, states as follows:
§ 601—Adoption of State Laws and Ordinances
(a) The Grand Traverse Band adopts the laws, codes, ordinances, and other instruments of the law of the State of Michigan to the extent these instruments, laws, codes, and ordinances do not conflict with appropriate federal law or Tribal codes, ordinances, and laws in force now or enacted in the future.
(b) This is an interim measure effectuated with the interests of our specific citizenry, and all visitors to the reservation, in mind.
The Court finds that while the language of this section is broad, that this statutory section was not intended to adopt every possible provision of State law, particularly where the Tribal Council has adopted specific laws of its own which regulate the proceedings before the Court. The Tribe has adopted quite specific procedures under the Children’s Code, and could very easily have provided for the right to a jury trial in child protective proceedings. However, the Children’s Code makes no mention of a jury trial in child protective proceedings under any circumstances. The Court can only conclude that Tribal Council intentionally determined that a jury trial should not be provided in such proceedings. The Court therefore concludes that the specific provisions of the Children’s Code in Title 10 of the GTB Code apply over any general provision contained in 14 GTBC $ 601. Thus, the Tribal Court is not obligated to follow the State of Michigan’s procedure when it comes to cases brought under the Children’s Code.
Respondent further argues that fundamental due process rights guaranteed by the Constitution of the Grand Traverse Band of Ottawa and Chippewa Indians, and the United States Constitution dictate that Respondent should be entitled to a jury trial in this matter; While the Court agrees that Respondent is entitled to fundamental due process in this proceeding, the Court is not persuaded that a jury trial is a component of that due process requirement in this type of proceeding. Nor is the Court persuaded that a judge cannot adequately protect Respondent’s due process rights or reach a determination while also recognizing and acknowledging tribal customs and traditions of the Grand Traverse Band regarding child rearing as required under the Children’s Code.
The Court agrees with Respondent that Tribal Council co-uld, adopt a provision in the Children’s Code providing for a right to a jury trial, and that the Tribal Court could adopt a court rule providing for the right to a jury trial in this type of proceeding. However, neither has done so to date. 10 GTBC § 107(a) states that “The procedures in the Children’s Court shall be governed by the rules of procedure for the Tribal Court, not in conflict with this Code. In the absence of Tribal Court promulgated rules of procedure, the Michigan Rules of Civil Procedure shall be utilized as a guide.” (Emphasis added). This Court reads this provision to provide that the Court will look to Michigan law for guidance, but the use of Michigan procedure (including the right to a jury trial) is discretionary, not mandatory. Again, the Court is not persuaded that a jury trial was intended by the Tribal Council in adopting the Children’s Code, nor that the *167 Tribal Judiciary has intended to provide for a jury trial in Children’s Code proceedings.
THEREFORE, for the reasons stated above, Respondent has not demonstrated a right to a jury trial in this proceeding, and therefore her request for a jury trial in this case is hereby DENIED.
IT IS SO ORDERED.

. It is important to note that under Michigan law, the jury only determines whether there is probable cause to believe that the abuse/neglect occurred as stated in the petition. The subject of disposition if neglect/abuse is found (including whether parental rights should be terminated) remains with the Court.